UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT CISCO,<br><br>            Plaintiff,<br><br>   v.<br><br>JO ANNE B. BARNHART, Commissioner of Social Security,<br><br>            Defendant. | CASE NO.   C06-5330RBL-KLS<br><br>REPORT AND RECOMMENDATION<br><br>Noted for February 2, 2007 |

    Plaintiff, Robert Cisco, has brought this matter for judicial review of the denial of his application for disability insurance benefits. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Magistrates Rule MJR 4(a)(4) and as authorized by <u>Mathews, Secretary of H.E.W. v. Weber</u>, 423 U.S. 261 (1976). After reviewing the parties' briefs and the remaining record, the undersigned submits the following Report and Recommendation for the Honorable Ronald B. Leighton's review.

<u>FACTUAL AND PROCEDURAL HISTORY</u>

    Plaintiff currently is forty-one years old.[1] Tr. 28. He has a high school education, attended three years of college and has past work experience as a roofer, real estate agent and sales representative. Tr. 20, 58.

---

[1] Plaintiff's date of birth has been redacted in accordance with the General Order of the Court regarding Public Access to Electronic Case Files, pursuant to the official policy on privacy adopted by the Judicial Conference of the United States.

REPORT AND RECOMMENDATION
Page - 1

On April 27, 2004, plaintiff filed applications for disability insurance and supplemental security income ("SSI") benefits, alleging disability as of April 1, 2000, due to a back injury, irritable bowel syndrome, depression, and hallucinations. Tr. 20, 28, 50-52. Both applications were denied initially and on reconsideration. Tr. 20, 28-29. Plaintiff elected to proceed with the administrative review process without having an oral hearing or representation, despite being apprised of his right to the latter. Tr. 20.

On September 15, 2005, an administrative law judge ("ALJ") issued a decision finding specifically in relevant part:

(1) at step one of the disability evaluation process,[2] plaintiff had not engaged in substantial gainful activity since his alleged onset date of disability;

(2) at step two, on or before June 30, 2001, his date last insured, plaintiff did not have any "severe" impairments, and thus was not eligible to receive disability insurance benefits, but, as of September 1, 2003, plaintiff's substance addiction disorder, lumbar disc disease, residuals from fusion at L5-S1, herniated disc at L4-5 with moderate to marked central canal stenosis, and moderate bilateral L4-5 neuroforaminal stenosis were considered to be "severe" impairments;

(3) at step three, none of plaintiff's impairments met or equaled the criteria of any of those listed in 20 C.F.R. Part 404, Subpart P, Appendix 1;

(4) at step four, as of September 1, 2003, plaintiff had the residual functional capacity to not lift ten pounds occasionally, stand two hours in an eight-hour day, or sustain a normal eight-hour workday or 40-hour workweek secondary to his low back pain, which, as of that date, precluded him from performing his past relevant work; and

(5) at step five, as of September 1, 2003, plaintiff was unable to perform other jobs existing in significant numbers in the national economy, and thus was disabled as of that date.

Tr. 26-27. Plaintiff's request for review was denied by the Appeals Council on April 18, 2006, making the ALJ's decision the Commissioner's final decision. Tr. 5; 20 C.F.R. § 404.981, § 416.1481.

On June 14, 2006, plaintiff filed a complaint in this Court seeking review of the ALJ's decision. (Dkt. #1-#3). Specifically, plaintiff argues that decision should be reversed and remanded for further administrative proceedings, because the ALJ erred in finding he had no severe impairment prior to June 30, 2001, his date last insured. The undersigned disagrees that the ALJ erred in determining plaintiff to be not disabled, and, for the reasons set forth below, recommends that the ALJ's decision be affirmed. While plaintiff requests oral argument in this matter, the undersigned finds such argument to be unnecessary here.

---

[2]The Commissioner employs a five-step "sequential evaluation process" to determine whether a claimant is disabled. See 20 C.F.R. § 404.1520; 20 C.F.R. § 416.920.

REPORT AND RECOMMENDATION
Page - 2

## DISCUSSION

This Court must uphold the Commissioner's determination that plaintiff is not disabled if the Commissioner applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Fife v. Heckler, 767 F.2d 1427, 1429 (9th Cir. 1985). It is more than a scintilla but less than a preponderance. Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); Carr v. Sullivan, 772 F. Supp. 522, 524-25 (E.D. Wash. 1991). If the evidence admits of more than one rational interpretation, the Court must uphold the Commissioner's decision. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984).

To be entitled to disability insurance benefits, plaintiff "must establish that [his] disability existed on or before" the date his insured status expired. Tidwell v. Apfel, 161 F.3d 599, 601 (9th Cir. 1998); see also Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1460 (9th Cir. 1995) (social security statutory scheme requires disability to be continuously disabling from time of onset during insured status to time of application for benefits, if individual applies for benefits for current disability after expiration of insured status). As noted above, plaintiff's date last insured was June 30, 2001. Tr. 20-21, 28. Therefore, to be entitled to disability insurance benefits, plaintiff must establish he was disabled prior to or as of that date. Tidwell, 161 F.3d at 601.

At step two of the five-step disability evaluation process, the ALJ must determine if an impairment is "severe." Id. An impairment is "not severe" if it does not "significantly limit" a claimant's mental or physical abilities to do basic work activities. 20 C.F.R. § 404.1520(a)(4)(iii), (c), § 416.920(a)(4)(iii), ( c); Social Security Ruling ("SSR") 96-3p, 1996 WL 374181 *1. Basic work activities are those "abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1521(b), § 416.921(b); SSR 85- 28, 1985 WL 56856 *3.

An impairment is not severe only if the evidence establishes a slight abnormality that has "no more than a minimal effect on an individual[']s ability to work." See SSR 85-28, 1985 WL 56856 *3; Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996); Yuckert v. Bowen, 841 F.2d 303, 306 (9th Cir.1988). Plaintiff has the burden of proving that his "impairments or their symptoms affect [his] ability to perform basic work

activities." Edlund v. Massanari, 253 F.3d 1152, 1159-60 (9th Cir. 2001); Tidwell v. Apfel, 161 F.3d 599, 601 (9th Cir. 1998). The step two inquiry described above, however, is a *de minimis* screening device used to dispose of groundless claims. Smolen, 80 F.3d at 1290.

As noted above, the ALJ determined plaintiff did not have any severe impairment prior to June 30, 2001, his date last insured, and therefore he was not entitled to receive disability insurance benefits. More specifically, the ALJ found as follows:

> Doctors for the State Agency found insufficient evidence of mental impairment to evaluate the evidence (Exhibit 10F). They also did not complete a physical evaluation because of the claimant's failure to cooperate with their review. I accept this evaluation until September 1, 2003. At that time, the claimant's treating orthopedist issued an opinion concerning the claimant's functioning. It was also about this time that the claimant began pursuing mental health treatment. Prior to September 1, 2003, I find that the claimant did not have a severe impairment. While he clearly did have a history of back fusion and he did have a problem with chemical dependency, but there is no evidence that these impairments caused him any limitations in his ability to function.

Tr. 23. Plaintiff argues the ALJ erred in finding no severe impairment prior to his date last insured. The undersigned disagrees.

Plaintiff primarily takes issue with the ALJ's findings regarding his alleged physical impairments. He argues the evidence in the record is sufficient to show the existence of a severe back impairment dating from before his date last insured. Plaintiff further asserts the ALJ erred in failing to consider all of the medical evidence in the record regarding his impairments, and in not carrying out his affirmative duty to fully and fairly develop the record.

While the medical evidence in the record does show plaintiff had a back impairment dating from prior to his date last insured, that evidence fails to show this impairment resulted in any limitations on his ability to perform basic work activities at that time. For example, in late October 1998, plaintiff reported that he was "getting along quite well" and that his pain had "improved significantly" six months after post-operational hardware removal. Tr. 93. It was noted that plaintiff had "returned to work about 30 – 40 days ago," and his physician had signed a form stating that he had been "able to be actively at work for the last 30 days." Tr. 92. In late March 1999, it was further noted that plaintiff had used Neurontin in the past to control the radiculitis symptomatology in his leg "quite well" in the past. Id.

In late May 1999, plaintiff reported that he still had "intermittent" back pain, with "some occasional spasm and stiffness." Tr. 122. He was diagnosed with "[b]ack pain, status post L4-L5 fusion." Id. In late

June 1999, plaintiff reported that his right leg pain was "much better" when he was active. Tr. 120. He also reported that he used Flexeril "sparingly" and found it "helpful" when his back pain got severe. Id. A late January 2000 progress note indicates his back pain was stable. Tr. 119.

During a physical examination in late August 2000, plaintiff was able to forward flex and touch his toes easily, had good extension and lateral bending, and his lower extremities were neurologically intact. Tr. 91. He was diagnosed with "some symptomatology related to his left SI joint." Id. It was noted that plaintiff got "good relief" from Celebrex, and physical therapy was recommended. Id. In early January 2001, while plaintiff reported that he needed better pain control as his pain had increased with his job, he also reported stopping taking his Neurontin to control the pain. Tr. 117. While plaintiff was observed to be "[w]ell-appearing" and "in no acute distress" on physical examination, he was diagnosed with "[b]ack pain, poorly controlled." Tr. 117-18.

Another physical examination was performed in early September 2001. Although forward flexion was limited, his extension and lateral bending was "somewhat better preserved." Tr. 88. He also had "a slight bit of weakness" in his left lower extremity, but otherwise was neurologically intact. Id. An MRI showed some degenerative changes as well. Tr. 87-88. It was felt plaintiff was struggling both with back symptomatology and left radiculitis/radiculopathy related to those changes. Tr. 87. However, the physician who examined him recommended only conservative treatment initially. Id. Further, while that physician felt plaintiff's "current deterioration" prevented him from being "no longer able to work at this time," he was hopeful plaintiff would get "back on track" over the next few months. Id.

While the above medical evidence shows plaintiff did have a back impairment and some pain and other symptomatology stemming therefrom prior to June 30, 2001, there is no indication, and no medical source has opined, that his impairment or symptoms resulted in any significant work-related limitations during that period. Plaintiff argues the evidence in the record of his past back operations and chronic back problems is sufficient to pass the step two *de minimis* threshold. "The mere existence of an impairment," however, "is insufficient proof of a disability" Matthews v. Shalala, 10 F.3d 678, 680 (9th Cir. 1993). In addition, case law and the Commissioner's own rulings make clear that to meet his burden as step two, plaintiff must present at least some evidence of work-related limitations.

Plaintiff further asserts the ALJ failed to address six physical examinations that were conducted prior

1  to his date last insured. See Tr. 90-93, 119-23.  While the ALJ may not have specifically discussed this
2  evidence in his decision, those examinations, as discussed above, fail to show plaintiff exhibited any physical
3  work-related limitations prior to June 30, 2001.  Plaintiff also contends two operations conducted prior to
4  his date last insured were mentioned in the medical evidence contained in the record, but the record itself
5  did not contain the reports of the operations.  He argues that their absence from the record makes his claim
6  of a severe back impairment sufficiently ambiguous, so as to require the ALJ to obtain those reports and to
7  re-contact his treating medical sources.

8       It is true that an ALJ has the duty "to fully and fairly develop the record and to assure that the
9  claimant's interests are considered." Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001) (citations
10 omitted).  In addition, when a claimant is unrepresented, "the ALJ must be especially diligent in exploring
11 for all the relevant facts." Id.  However, it is only where the record contains "[a]mbiguous evidence" or the
12 ALJ has found "the record is inadequate to allow for proper evaluation of the evidence," that the ALJ's
13 duty to "conduct an appropriate inquiry" is triggered. Id. (citations omitted); Mayes v. Massanari, 276 F.3d
14 453, 459 (9th Cir. 2001).  As discussed above, the medical evidence that is contained in the record clearly
15 shows the absence of any significant work-related functional limitation prior to plaintiff's date last insured.
16 Further, plaintiff fails to show that the operation reports to which he refers or that re-contacting his treating
17 medical sources would establish the presence of any such limitations.

18      Lastly, the undersigned notes that plaintiff has challenged the ALJ's determination that he also had
19 no severe mental impairment prior to his date last insured.  Plaintiff, however, has not set forth any specific
20 reasons why he asserts this to be the case.  Mere assertions without any supporting argument or analysis do
21 not constitute a proper basis upon which to challenge an ALJ's findings.  In addition, a review of the record
22 fails to reveal any medical evidence of a severe mental impairment prior to June 30, 2001.  Accordingly, the
23 undersigned rejects plaintiff's argument that the ALJ erred here as well.

## CONCLUSION

25     Based on the foregoing discussion, the Court should find the ALJ properly concluded plaintiff had
26 no severe impairment prior to his date last insured and thus was not entitled to receive disability insurance
27 benefits, and should affirm the ALJ's decision.

28      Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72(b),

REPORT AND RECOMMENDATION
Page - 6

the parties shall have ten (10) days from service of this Report and Recommendation to file written objections thereto. See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed set this matter for consideration on **February 2, 2007**, as noted in the caption.

DATED this 5th day of January, 2007.

Karen L. Strombom
United States Magistrate Judge